UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

CLIFTON L. WRIGHT,

        Petitioner,

vs.

WARDEN FARLEY,

        Respondent.

CASE NO. 4:12-CV-1190

OPINION & ORDER
[Resolving Doc. Nos. 1 & 4]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Before the Court is *pro se* petitioner Clifton L. Wright's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). Wright asserts that the prior convictions used to enhance his sentence designation as a Career Offender "were not serious enough." For the foregoing reasons, the Court **DENIES** the petition for writ of habeas corpus.

**I. Background**

      Wright was convicted by a jury of possession with intent to distribute 50 or more grams of cocaine in the United States District Court for the Western District of Wisconsin on October 7, 2003. *See United States v. Wright*, No. 3:03cr0084 (W.D. Wis. 2003)(Doc. No. 43). The court sentenced him to serve "95 [sic] months. Petitioner's projected release date is July 23,

-1-

Case No. 4:12-CV-1190
Gwin, J.

2029."[1] (Pet. at 5.)

He filed a direct appeal of his sentence to the Seventh Circuit Court of Appeals on December 30, 2003. *Id.* (Doc. No. 48). The appeals court affirmed the district court's sentence on July 9, 2004. Almost one year later, Wright filed a Motion to Vacate or Set Aside pursuant to 28 U.S.C. §2255. *Id.* (Doc. No. 64). The motion argued his right to due process was violated because

> the indictment failed to allege a sufficient nexus to interstate commerce; the district court lacked jurisdiction to impose a sentence upon him because the indictment was null and void; he was sentenced unconstitutionally because the court relied on facts not found by a jury to enhance his sentence; and his counsel was ineffective because he failed to object to the magistrate judge's report and recommendation.

*Id.* at Doc. No. 66. The district court denied Wright's Motion on the merits three days after it was filed. *Id.*

Wright filed two Notices of Appeal on August 18, 2005 and October 5, 2006. *Id.* (Doc. Nos. 68 & 73). Both appeals were denied. *Id.* (Doc. Nos. 75 & 76). After Wright filed a "Motion to Recall the Mandate and Re-sentencing Pursuant to Rule 60(b)" *id.* (Doc. No. 70), construed as a successive 28 U.S.C. § 2255 motion to vacate by the trial court, he requested a certificate of appealability. The request was denied on October 13, 2006. *Id.* (Doc. No. 74). On February 21, 2008, Wright filed a Motion to Modify Sentence pursuant to 18 U.S.C. §3582. *Id*.

---

[1]Although Wright's projected release date is correct, he was not sentenced to serve 95 months in prison. A review of his sentencing transcript, through the Public Access to Court Electronic Records (PACER) website, reveals Wright was sentenced to serve two concurrent sentence terms of 360 months on both counts. *See* http://ecf.wiwd.uscourts.gov (*Wright*, No. 3:03cr0084 (Doc. No. 46)).

Case No. 4:12-CV-1190
Gwin, J.

(Doc. No. 77). Two similar motions were filed by Wright on March 14, 2011 and November 18, 2011. All three motions were subsequently denied by the trial court. *See id* (Doc Nos. 81, 85 & 90).

Wright now maintains he is entitled to habeas relief because the two prior convictions on which the trial court relied to designate him as a career offender "were not serious enough." As such, he believes he was "objectively ineligible" for the court's imposition of that sentence enhancement. Citing *"Embrey v. Hershberger*, 100 F.3d 807 (8th Cir. 1997),"[2] Wright avers he is actually innocent because the sentence the trial court imposed was contrary to the law. He claims "several courts" have held that the type of prior drug offenses used to establish his career offender status are insufficiently serious.

## II. Legal Standards

A. 28 U.S.C. §2243

This matter is before the court for initial screening. *See* 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970). Petitioner has not met his burden.

---

[2]While *Embrey* is an opinion issued by the Eighth Circuit Court of Appeals, Wright's citation is incorrect. The correct case citation is: "131 F.3d 739."

Case No. 4:12-CV-1190
Gwin, J.

B. Federal Habeas not Appropriate

A federal prisoner who seeks to challenge his conviction or the imposition of his sentence must file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *See Cohen v. UnitedStates*, 593 F.2d 766, 770 (6th Cir.1979). Under highly exceptional circumstances, however, a federal prisoner may challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255. *See* 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.1999). This 'safety valve' provision of §2255 allows a federal prisoner to bring a § 2241 claim challenging his conviction or the imposition of his sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). Wright seeks to exploit this exception.

No challenge to a conviction may be filed under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, *unless* it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e)(emphasis added). Although Wright has already filed motions to vacate his sentence, he is still not entitled to the utilize the safety valve provision.

### III. Analysis

It is a petitioner's burden to establish that his remedy is 'inadequate or ineffective' to test the legality of his detention, as that phrase has been interpreted by the Sixth Circuit.

-4-

Case No. 4:12-CV-1190
Gwin, J.

Wright claims his remedy under § 2255 is inadequate and ineffective because the statute "does not provide any avenue through which the Petitioner can gain authorization to file a Second Successive 2255 Motion based upon the statutory holding in this court's decision." (Pet. at 2.) Contrary to Wright's claim, this is not a basis upon which he can argue his remedy is inadequate or ineffective.

Section 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Chandler*, 180 F.3d at 756. Nor is the § 2255 remedy considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

**A. Actual Innocence**

To date, only those prisoners who are unable to submit claims of actual innocence because they are otherwise barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) may access the courts through the savings clause. *See Charles*, 180 F.3d at 756-57 (collecting cases). The only circumstance in which the Sixth Circuit has determined that § 2255 is an ineffective or inadequate remedy is when the petitioner has stated a facially valid claim for actual innocence. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir.2003).

-5-

Case No. 4:12-CV-1190
Gwin, J.

A valid assertion of actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). Even Wright's citation to *Embrey* supports this proposition. There the Eighth Circuit held that the concept of actual innocence permits a court to reach the merits of a claim in a petition for post-conviction relief, even though the petition is successive, because it means that the person did not commit the crime. *Embrey*, 131 F3d. at 740-41. Ultimately, the court failed to grant Embrey relief for the same reasons Wright is not entitled to relief from this Court; namely, "Mr. Embrey's claim, at bottom, is simply a legal not a factual one, and the Supreme Court has 'emphasized that the miscarriage of justice exception is concerned with actual as compared to legal innocence.'" *Id*. at 741 (quoting *Sawyer v. Whitley*, 505 U.S. 333, 339(1992)).

Wright's conviction established that he committed all the elements of the crimes charged in the indictment. *See Johnson v. Zerbst*, 304 U.S. 458, 468-69 (1938)(when collaterally attacked, a judgment of a court carries with it a presumption of regularity). Short of arguing an intervening change in the law establishes his actual innocence, Wright is not entitled to habeas relief from this Court. Since his conviction, there has been no material change in the statutes he violated. Unlike other prisoners who obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, *see, e.g., In re Davenport*, 147 F.3d at 609, 611, Wright had numerous opportunities to raise his claim on appeal or in the two § 2255 motions to vacate he filed, but failed to do so. Therefore, Petitioner has failed to establish that his remedy is inadequate or ineffective.

Case No. 4:12-CV-1190
Gwin, J.

## IV. Conclusion and Order

Based on the foregoing, Wright's Application to Proceed *In Forma Pauperis* (Doc. No. 4) is GRANTED and the petition is DENIED pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: July 3, 2012              *s/         James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE